# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GARY LAVON DAVIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:20-cv-01816-LSC-JHE |
| KENNETH PETERS, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Gary Lavon Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On May 31, 2022, the magistrate judge entered a report, recommending the court grant the respondent's motion for summary dismissal, and dismiss Davis's petition with prejudice. (Doc. 25). On June 17, 2022, the court received Davis's written objections. (Doc. 28).

In his objections, Davis disputes the magistrate judge's assertion that he filed a traverse on March 10, 2022, and he contends that he did not. (Doc. 28 at 1). On March 10, 2022, the court received Davis's response stating that he had "no additional arguments or exhibits to present" and explaining his intention to rely on arguments contained in his petition, supplemental and second motion to hold in abeyance, and supplemental answer. (Doc. 24 at 1). Davis does not allege that the magistrate judge erred in setting forth the substance of his March 10, 2022, response,

and the specific title given to Davis's response is not material. Accordingly, Davis's objection on this ground is **OVERRULED**.

Next, Davis contends he did not raise an ineffective assistance of counsel claim and the magistrate judge erred by finding such claim unexhausted and procedurally defaulted. (Doc. 28 at 1–2). Davis misunderstands the magistrate judge's analysis. Davis moved the court to stay this action so that he "may return to State court to exhaust his 'Ineffective Assistance of Trial Counsel [claim],' with and through 'Newly Discover Evidence,'" (doc. 19 at 3), in the form of trial counsel's affidavit (doc. 15 at 6). The magistrate judge determined that trial counsel's affidavit does not constitute newly discovered evidence, as explained herein, and any attempt to raise this unexhausted claim in state court would be barred, thereby resulting in a procedural default in this court. (Doc. 25 at 6–9). Consequently, the magistrate judge did not err by analyzing the viability of this claim, and Davis's objection is **OVERRULED**.

Similarly, Davis asserts that his claim of ineffective assistance of counsel based on newly discovered evidence is not procedurally defaulted and posits that if the claim is first exhausted in State court, he can then bring the claim in federal court. (Doc. 28 at 2, 3). As thoroughly explained in the Report and Recommendation (*see* doc. 25 at 6–9), Davis's claim of ineffective assistance of counsel based on the affidavit from his counsel (the purported "new evidence") and related to his sentence

pursuant to the Alabama Habitual Offender Act, is unexhausted and procedurally defaulted. Furthermore, although Davis characterizes this evidence as "newly discovered evidence," the facts stated therein were known to him at the time he was sentenced. (Doc. 25 at 9). Thus, as the magistrate judge concluded, the affidavit cannot provide good cause for Davis's failure to previously exhaust the claim. *See e.g., In re Bolin*, 811 F.3d 403, 408 (11th Cir. 2016) (requiring a petitioner explain "why the same means that eventually uncovered the new facts could not have been employed earlier"). Accordingly, Davis's objection is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the respondent's motion for summary dismissal is due to be granted and the petition is due to be denied and dismissed with prejudice. A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Davis's claims do not satisfy either standard.

**DONE** and **ORDERED** on July 5, 2022.

_____
L. Scott Coogler
United States District Judge

160704